S. AYLES *v.* L. HAWLEY et al.

Until notice is given of the transfer of a claim, by the transferree to the person on whom it is given, the assignment is incomplete and a creditor of the transferrer may legally seize and appropriate it to his own debt.  C. C. 2613.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.
   *L. L. Levy*, for plaintiff.   *D. C. Labatt*, for defendant and appellant.

CAMPBELL, J.   Mrs. *Hawley*, being a judgment creditor of *John Tarbe*, seized under an execution thereon issued, a judgment rendered in the District Court of Natchitoches, in favor of said *Tarbe* against *John Kirk*, *Cootes*, *Laplace & Co.*, and *King*.   *Samuel Ayles* by third opposition, claims to be the owner of the judgment seized, it having as he avers, been purchased at a sale of the effects of *Tarbe*, made by him as syndic of his own creditors, pursuant to an order of court to that effect.   Under this averment of ownership, he sued out an injunction, inhibiting Mrs. *Hawley* from selling the judgment seized.

On the trial below, the injunction was perpetuated, and Mrs. *Hawley*, the seizing creditor, has taken her appeal.

If it be conceded as claimed by the third opponant that the judgment was adjudicated to him at the syndic's sale, the title then acquired was inchoate, and could only be completed by giving notice of the transfer to the debtors. This does not seem to have been done. Indeed, it is positively established by one of the judgment debtors, that no notice was ever given.

It is well established that until due notice is given of the transfer of a claim, by the transferre to the person on whom it is given, the assignment is incomplete, and a creditor of the transferer may legally seize and appropriate it to his own debt. Civil Code, 2613. *Slytes* v. *McNull's heirs*, 7 N. S. 296. *Carlin* v. *Dumartrait*, 8 N. S. 211.

The third opponant having stood by silent, for ten years, without asserting or giving notice of his claim, will not, under such circumstances, be heard in opposition to a judgment creditor of the ostensible owner.

It is proper also to add, that there is no proof of a stay of proceedings, nor legal proof of a sale to *Ayles*.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed and proceeding to render such judgment as should have been rendered in the first instance, it is further ordered, adjudged and decreed, that the injunction granted be dissolved at the costs of *Samuel Ayles*, third opponant and appellee.